IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WITHCO, LLC, and WILLIAM THOMAS HARRINGTON, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Case No. 3:09-1207 Judge Nixon Magistrate Judge Knowles |
| REPUBLIC SERVICES OF TENNESSEE, LLC, and REPUBLIC SERVICES, INC., | ) ) ) | |
| Defendants. | ) ) | JURY DEMAND |

## ORDER

Pending before the Court is Defendants Republic Services of Tennessee, LLC ("RST") and Republic Services, Inc.'s ("RSI") Motion to Dismiss for Failure to State a Claim (Doc. No. 13) with supporting Memorandum (Doc. No. 14) ("Defendants' Motion"). Plaintiff William Thomas Harrington filed a Response in Opposition (Doc. No. 18) and the Declaration of William Q. Acree in support of his Response (Doc. No. 19). Defendants filed an Amended Reply in support of their Motion (Doc. No. 25). Defendants also filed a Motion to Strike the Declaration of William Q. Acree (Doc. No. 24). Plaintiff did not respond to Defendants' Motion to Strike; per Local Rule 7.01(b), this indicates that there is no opposition to Defendants' Motion to Strike. Accordingly, the Court hereby **GRANTS** Defendants' Motion to Strike the Declaration of William Q. Acree.

In his Response to Defendants' Motion, Plaintiffs expressly conceded their claim for violations of the Uniform Trade Secrets Act (Doc. No. 18 at 1); for intentional interference with prospective business advantage, *id.*; and for breach of contract as against RSI, *id.* at 2. Accordingly, the Court hereby **GRANTS** Defendants' Motion to Dismiss as to those claims. Defendants' Motion

-1-

also requests dismissal of Plaintiffs' claims based on the Tennessee Trade Practices Act ("TTPA") (Doc. No. 14 at 16-17). Plaintiffs did not respond to this part of Defendants' Motion. Per Local Rule 7.01(b), this indicates that Plaintiffs do not oppose Defendants' Motion regarding this claim; accordingly, the Court hereby **GRANTS** Defendants' Motion as to the claim under the TTPA.

For the reasons stated herein, the Court hereby **GRANTS in part** and **DENIES in part** Defendant's Motion.

## I. BACKGROUND

### A. *Procedural History*

On December 23, 2009, Plaintiffs filed a Complaint against Defendants for breach of contract and unjust enrichment (Doc. No. 1), attaching the agreement in question (Doc. No. 1-1). On March 24, 2010, Plaintiffs filed an Amended Complaint against Defendants, claiming (1) breach of contract; (2) unjust enrichment; (3) quantum meruit; (4) violation of the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. § 47-18-104 *et seq.*; (5) violation of the TTPA, Tenn. Code Ann. § 47-25-101 *et seq.*; (6) unfair competition; and (7) violation of the Tennessee Uniform Trade Secrets Act ("UTSA"), Tenn. Code Ann. § 47-18-104 *et seq.* (Doc. No. 11.) In response, Defendants filed this Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 13).

On January 12, 2011, Plaintiffs moved to file a Second Amended Complaint (Doc. No. 34), to which Defendants filed a Response in Opposition (Doc. No. 35). Magistrate Judge Knowles denied this motion on February 4, 2011 (Doc. No. 42).

This Court has jurisdiction over this case under 28 U.S.C. § 1332.

B.  *Factual History*[1]

RSI is a Delaware corporation engaged in the business of collection, transfer, and disposal of solid waste. RST, a Delaware limited-liability company, is RSI's wholly-owned subsidiary. Plaintiff William Thomas Harrington has expertise in the development of solid waste transfer stations. Harrington is the president and sole owner of Plaintiff Withco, a Tennessee limited-liability company.

On July 11, 2002, RST, Withco, and Harrington entered into an agreement ("Agreement") (Doc. No. 1-1) to pursue the development of a solid waste transfer station for use by RST in Davidson County, Tennessee. Withco was responsible for locating and obtaining an option to purchase a property for the proposed transfer station on terms and conditions that were acceptable to RST. Withco was also responsible for assigning the option to RST or its designee, at such time and in such manner as RST may direct. Finally, Withco was responsible for obtaining in the name of RST or its designees any and all permits necessary to construct the transfer station.

The Agreement provided for compensation to Withco in the form of a Success Fee of $250,000 and a tonnage royalty of up to $300,000. The Agreement also had an exclusivity clause, precluding the parties from developing a transfer station in Davidson County until after the date commercial operations begin at the transfer station contemplated in the Agreement.

After efforts on Plaintiffs' parts to secure the option and the required permits, Michael Cordesman, Chief Operating Officer of RSI, telephoned Harrington and orally stated that he was terminating the agreement. Defendants ended up not purchasing the property for which Plaintiffs secured and assigned the option. Plaintiffs claim that they requested in writing that Defendants

---

[1] Unless otherwise noted, all facts in this section are from Plaintiffs' First Amended Complaint (Doc. No. 11).

"transfer all permits, options, rights, and benefits to the transfer station as required by Section 9.02(i) [of the Agreement] and pay $25,000 as required by Section 9.02(ii) of the contract at issue and Defendants have failed to comply." (Doc. No. 11 at 5-6.) Defendants also "surreptitiously, covertly and secretly pursued the development of a transfer station on other properties in Nashville, Tennessee, by and through parties other than the Plaintiffs while the terms and provisions of the Agreement were still in effect." *Id.* at 6.

## II.  STANDARD OF REVIEW

A Court may grant a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 12(b)(6) is a means of testing the sufficiency of the claim for relief, and, as such, it must be understood in conjunction with Rule 8(a), which sets out the federal standard for pleading. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1356 (3d ed. 2004). Rule 8(a) establishes a system of notice pleading, requiring a plaintiff to plead only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff need not plead an abundance of specific facts at this stage; the purpose of a complaint is limited to providing the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, all allegations in the complaint are taken as true, and all reasonable inferences are drawn in favor of the pleader. Wright & Miller, *supra*, § 1357. However, the Court need not accept as true legal conclusions or unwarranted factual inferences. *Montgomery v.*

*Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003). Recently the Supreme Court articulated a "plausibility standard" for a motion to dismiss: "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citations omitted). This requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts "merely consistent with" liability, "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* The Court continued: "[t]hreadbare recitals of the elements of a cause of action, supporting by mere conclusory statements, do not suffice." *Id.*

**III. DISCUSSION**

The Court has already granted Defendants' Motion as to breach of contract by RSI, claims under the UTSA, claims under the TTPA, and intentional interference with business advantage. The remaining claims that Defendants seek to dismiss are: (1) breach of contract by RST; (2) unjust enrichment (on the part of both Defendants); (3) violations of the TCPA; and (4) claims of unfair competition. These will be addressed in turn.

*A. Breach of contract*

Plaintiffs have conceded their breach of contract claims against RSI (Doc. No. 18 at 2). Remaining for the Court's consideration is Defendants' Motion to Dismiss as to the breach of contract claim against RST.

Defendants argue that the Agreement has a liquidated damages clause in the event of termination by either party. Section 9.02 of the Agreement provides that Withco was entitled to

payment of $25,000.00 in "full and complete satisfaction of any and all obligations under" the Agreement upon termination by RST. In the event the Agreement was terminated, RST was also obligated to transfer "all benefits of the project" and reimburse Withco for any amounts it paid in order to obtain the option. (Doc. No. 1-1 at §9.02.) Defendants state that these are "the sole and exclusive remedies in the event of early termination and are 'in full and complete satisfaction of any and all [of RST's] obligations under this Agreement." (Doc. No. 14 at 8, citing Doc. No. 1-1 at § 9.02.)

In addition to the liquidated damages clause, the Agreement also contains a release of liability against RST. (Doc. No. 1-1 at § 9.03.) Defendants argue that such exculpatory clauses between sophisticated commercial parties are enforceable under Tennessee law and bar any breach of contract claim in excess of the $25,000 termination fee. (Doc. No. 18 at 8.)

Defendants argue that, in order for Plaintiffs to recover the Success Fee, three conditions precedent had to have been met (Doc. No. 1-1 at § 7.01), and that Plaintiffs have not alleged that all of them occurred. (Doc. No. 14 at 9.) Similarly, Defendant argues that Plaintiffs have not alleged that the condition precedent to payment of the Tonnage Royalty was ever met, and therefore Plaintiffs' claim for the Tonnage Royalty should be dismissed as Defendants' duty to pay never arose. *Id.*

Plaintiffs respond that Defendants' arguments are predicated upon RST having terminated the Agreement, which it did not do and Plaintiffs do not allege it to have done. (Doc. No. 18 at 3.) The Court agrees that RST has not terminated the Agreement, despite Mr. Cordesman's phone call. (Doc. No. 11 at ¶ 37.) Defendants' counsel has also conceded, at oral argument before this Court on March 7, 2011, that no party has yet terminated the Agreement. *See* Doc. No. 51. Accordingly,

the provisions of § 9.03 of the Agreement are inapplicable. Similarly, the Court agrees that Plaintiffs have alleged sufficient facts to indicate that they are entitled to the Success Fee, since Plaintiff has alleged that the conditions precedent to the Success Fee were met. *See* Doc. No. 11 at ¶¶ 20-33. Given the lenient standard of review, Plaintiffs have alleged sufficient facts to allow its claims for breach of contract to proceed against RST, and Defendants' Motion to Dismiss on those claims is **DENIED**.

B. *Unjust enrichment and quantum meruit*

Defendants argue that Plaintiffs' claims of unjust enrichment as to RST should be dismissed. (Doc. No. 14 at 10.) They argue that "[u]njust enrichment and *quantum meruit* are synonymous terms for a species of implied contract," *Paschall's, Inc. v. Dozier*, 407 S.W.2d 150, 154 (Tenn. 1966), and that "[t]hey are quasi-contractual obligation[s] courts may impose upon parties when there is no express contract between the parties," *Whitehaven Cmty. Baptist Church v. Holloway*, 973 S.W.2d 592, 596 (Tenn. 1998). Because there is an express contract between Plaintiffs and RST, Defendants argue, the unjust enrichment/quantum meruit claims against RST should be dismissed (Doc. No. 14 at 10-11, citing *Atlantic Pool & Spas, Inc. v. Bellsouth Adver. & Publ'g Corp.*, 64 F. Supp. 2d 708 (M.D. Tenn. 1999); *Duke v. Browning Ferris Indus. of Tenn.*, No. W2005-00146-COA-R3-CV, 2006 WL 1491547 (Tenn. Ct. App. May 31, 2006)).

First, Plaintiffs argue that by Defendants' own argument as to RST, they are not entitled to dismissal of Plaintiffs' unjust enrichment claims against RSI, which was not a party to the written contract. (Doc. No. 18 at 4.) The Court agrees, and **DENIES** Defendants' Motion as to the unjust enrichment claims against RSI.

Plaintiffs also argue that an unjust enrichment claim can be made "against a party to a written agreement under certain circumstances." *Id.* Plaintiffs argue that "[a] contractual obligation under an unjust enrichment theory will be imposed when: (1) no contract exists between the parties, or, if one exists, it has become unenforceable or invalid; and (2) the defendant will be unjustly enriched absent a quasi contractual obligation." (Doc. No. 18 at 4 (citing *Paschall's*, 407 S.W.2d at 154).) However, the Court does not find in *Paschall's* any indication that unjust enrichment claims can be made against parties to an express contract. The court in *Paschall's* does note, however, that "where one is afforded recovery from the person with whom he has a contract, he cannot also recover from third persons incidentally benefited by his performance. . . . However, the situation is dissimilar where a person furnishes materials and labor under a contract for the benefit of a third party and that contract becomes unenforceable or invalid." 407 S.W.2d at 154-55.

This reasoning would preclude, in this case, recovery from RSI for unjust enrichment so long as Plaintiffs can recover for breach of contract against RST. It would also allow recover from RSI for unjust enrichment should the Court rule that the Agreement is unenforceable or invalid. Neither of these scenarios allows Plaintiffs to recover from RST on an unjust enrichment claim. Plaintiffs have not pled (nor even argued that they have pled) sufficient facts to establish that the Agreement is unenforceable or invalid; in fact, Plaintiffs have sued for enforcement of the Agreement by claiming RST has breached the Agreement. The Court therefore **GRANTS** Defendants' Motion as to the unjust enrichment claims against RST.

C. TCPA

Defendants argue that Plaintiffs' TCPA claims must be dismissed, *inter alia*, because the

Amended Complaint fails to allege the essential elements of a "consumer transaction" or "trade or commerce." (Doc. No. 14 at 12.) Defendants state that the TCPA "is intended to 'protect consumers and legitimate business enterprises from those engage in unfair or deceptive acts or practices in the conduct of any trade or commerce in part or wholly within this state . . . ." (Doc. No. 14 at 12 (citing Tenn. Code Ann. § 47-18-102).) The statute defines "consumers" as:

> any natural person [or corporation] who seeks or acquires by purchase, rent, lease, assignment, award by chance, or other disposition, any goods, services, or property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated or any person who purchases or to whom is offered for sale a franchise or distributorship agreement or any similar type of business opportunity.

Tenn. Code Ann. § 47-18-103(2). Defendants argue that the Complaint alleges that Plaintiffs were sellers of services per the Agreement, rather than consumers—RST was the consumer in the transaction. (Doc. No. 14 at 12.) Because Plaintiffs have failed to adequately allege that they are consumers under the TCPA, Defendants argue, their TCPA claims must be dismissed. *Id.*

Similarly, Defendants argue that TCPA claims require as an element either "trade" or commerce." *Id.* Tenn. Code Ann. § 47-18-103(11) defines "trade," "commerce," and "consumer transaction" as "the advertising, offering for sale, lease or rental, or distribution of any goods, services, or property, tangible or intangible, real, personal, or mixed, and other articles, commodities, or things of value wherever situated." Defendants argue that Plaintiffs have not "offered any facts to demonstrate that RST [or RSI] advertised, offered for sale, lease or rental, or distributed goods or services in this transaction." (Doc. No. 14 at 12.)

Plaintiffs argue, in response, that "the TCPA is to be liberally construed to protect consumers and others from those who engage in deceptive acts or practices and that the Amended Complaint satisfies the pleading requirements of the TCPA." (Doc. No. 18 at 5.) Plaintiffs also

assert that the TCPA protects "'any person who suffers an ascertainable loss of money or property, real, personal or mixed, or any other article, commodity, or thing of value wherever situated, as a result of the use or employment by another person of an unfair or deceptive act or practice declared to be unlawful by this part.'" *Id.*, citing Tenn. Code Ann. § 47-18-109(A)(1). Accordingly, "Plaintiffs submit that the TCPA is applicable to others whether they are engaged in selling a product or good or not." (Doc. No. 18 at 5 (emphasis in original).)

Plaintiffs do not cite any case law for the novel proposition that the Tennessee Consumer Protection Act protects not just consumers, but also sellers, on the opposite side of the transaction. Section 47-18-102(2) provides that the purpose of the TCPA is to "protect consumers and legitimate business enterprises from those who engage in unfair or deceptive acts or practices in the conduct of any trade or commerce in part or wholly within this state[.]" "Consumer" is defined as "any natural person who seeks or acquires . . . any goods, services or property . . . or any other article, commodity or thing of value . . ." Tenn. Code Ann. § 47-18-103(2). "Trade," "commerce," or "consumer transaction" "means the advertising, offering for sale, lease or rental, or distribution of any goods, services, or property . . . and other articles, commodities, or things of value . . ." Tenn. Code. Ann. § 47-18-103(19). The complaint does not allege that Plaintiffs sought or acquired any "goods, services or property"; in fact, it alleges that Plaintiffs offered their services to Defendants. *See* Doc. No. 1 at ¶¶ 12-20; Doc. No. 1-1 at 2-6. The Tennessee Supreme Court found in *Pursell v. First American National Bank* that "[t]he parameters of the Act . . . do not extend to every action of every business in the State" and found that repossession by a bank did not constitute trade or commerce within the meaning of the TCPA. 937 S.W.2d 838, 841 (Tenn. 1996). In *Pursell*, the court found that the plaintiff's allegations even "if taken as true, establish[ed] only that the

defendants breached an agreement . . . . Such allegations do not form the basis of an action under the Tennessee Consumer Protection Act." *Id.* at 841-42. *Cf. Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830 (Tex. App. 1999) (seller of goods not a consumer within the meaning of the Texas Deceptive Trade Practices Act ("DTPA") when contract performance was basis of seller's complaint against buyer under the DTPA). *See also Wagner v. Fleming*, 139 S.W.3d 295 (Tenn. Ct. App. 2004) (TCPA inapplicable in landowner's action against attendees at land auction for "chilling" auction by their activities, as landowner was seller of property at auction rather than "consumer" with respect to attendees and attendees were not offering anything for sale). Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss as to the TCPA claims.

### D. *Unfair competition*

Defendants move to dismiss Plaintiffs' unfair competition and intentional interference with prospective business advantage claims. (Doc. No. 14 at 14.) Plaintiffs have conceded their intentional interference with prospective business advantage claim (Doc. No. 18 at 1) but argue that their unfair competition claim should not be dismissed because "Defendants do not propagate any argument or law in support" thereof. *Id.* at 6. As Defendants point out, Tennessee does not recognize unfair competition as a separate and independent cause of action. (Doc. No. 25 at 3-4, citing *B & L Corp. v. Thomas & Thorngren, Inc.*, 917 S.W.2d 674, 681 (Tenn. Ct. App. 1995) ("Unfair competition is a generic name for several related torts involving improper interference with business prospects.").) Accordingly, any residual claim based on unfair competition is invalid; the Court therefore **GRANTS** Defendants' Motion to Dismiss as to the unfair competition claim.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs have not alleged sufficient facts to state a claim as to: (1) their breach of contract claim against RSI; (2) their unjust enrichment/*quantum meruit* claims against RST; (3) their claims under the TCPA; (4) their claims under the TTPA; (5) their claims under the UTSA; and (6) their claims of unfair competition and intentional interference with prospective business advantage. Defendants' Motion to Dismiss is therefore **GRANTED in part**, as to those claims, and **DENIED in part**, as to Plaintiffs' claims for breach of contract by RST and for unjust enrichment as to RSI.

It is so ORDERED.

Entered this    22nd      day of March 2011.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT